[Cite as *Kelly v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5960.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL KELLY,

      Plaintiff,

      v.

OHIO DEPARTMENT OF
  REHABILITATION AND CORRECTION,

      Defendant.

Case No. 2009-06338

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Trumbull Correctional Institution (TCI) pursuant to R.C. 5120.16. Plaintiff testified that on the morning of February 13, 2008, he awoke to his cellmate screaming and saw inmate Carlos Castro enter the cell with a long, thin weapon in his hand. Castro attacked plaintiff, biting him and stabbing him with what was later identified as a roofing nail. (Plaintiff's Exhibit 7.) According to plaintiff, during the struggle, his cellmate alerted the corrections officers (COs) on duty, and they responded and separated the two men after several minutes of fighting. Plaintiff stated that he was given medical attention in the TCI infirmary and then placed in an isolation cell for seven days. Plaintiff asserts that defendant knew of a prior fight between himself and Castro, placed them in the same cell block, and then ignored his requests to be moved out of the block and away from Castro.

{¶3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573,

citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶4} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶ 11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

{¶5} Plaintiff testified that he had a prior violent encounter with Castro on December 29, 2006, during which plaintiff knocked out one of Castro's teeth. Plaintiff opined that Castro held a grudge over the loss of the tooth and that this was probably the cause of the second attack. Plaintiff stated that as a result of the first fight, he and Castro were placed in housing units at "opposite ends" of TCI. According to plaintiff, he only saw Castro once afterward, in the dining hall, before Castro moved into the cell next to his shortly before the incident. Plaintiff related that when he discovered Castro living in the cell next to him, he told his cellmate that he "had to get out of this block,"

and that "word on the block" was that Castro was "coming for [him]." Plaintiff testified that he talked to Unit Sergeant Lininger, who was in charge of the unit, shortly before he was attacked and informed him of the prior incident and that he did not want to be in the same housing unit as Castro. Plaintiff stated that he and Lininger argued about an unrelated matter, and that Lininger told him that he "wasn't going anywhere." Plaintiff further related that he did not ask to be placed in protective custody, but also stated that Lininger did not present him with that option.

{¶6} CO Steven Dimoff testified that he was working at TCI on February 13, 2008, and responded to the fight between plaintiff and Castro. Dimoff stated that he activated his "man down" signal and then he and another CO separated the two inmates. Dimoff testified that plaintiff never talked to him about moving out of the block or being placed in protective custody. Dimoff further testified that he was unaware of any prior violence between plaintiff and Castro and did not have any notice that Castro was going to attack plaintiff.

{¶7} Kimberly Frederick has been the institutional inspector for TCI since 2002. She testified that Unit Sergeants and Unit Managers have complete discretion over moving inmates from cell to cell and housing unit to housing unit. With respect to protective custody, Frederick testified that when an inmate fears for his safety because of another inmate, he can make a formal request for protective custody to the Unit Manager or Unit Sergeant. According to Frederick, once the request is made, the inmate is placed in a segregation cell until the protective custody review committee and the warden either grant or deny the request. She related that if the request is granted, the requesting inmate is transferred to another institution. Frederick also stated that inmates can have "separation orders" with other inmates. She stated that the separation orders can prohibit inmates from being housed in the same unit within an institution or prohibit them from being housed in the same institution. Frederick testified that not every fight between inmates results in a separation order or protective custody.

{¶8} Frederick testified that she investigated the February 13, 2008 incident because of several informal complaints and grievances that plaintiff subsequently filed. (Defendant's Exhibit B.) Frederick stated that she reviewed plaintiff's complaints, spoke with members of the Rules Infraction Board that reviewed the incident, and talked with Sergeant Lininger. Frederick concluded that there was no separation order for plaintiff and Castro but that Lininger did not do an adequate job of informing plaintiff of his options if he was concerned about another inmate. She further stated that if plaintiff informed Lininger that he felt his life was in danger then he should have been placed in segregation or protective custody immediately pending an investigation, but that she does not believe that plaintiff so informed Lininger.

{¶9} Based upon the foregoing, the court finds that the conversation between plaintiff and Sergeant Lininger shortly before the attack, coupled with the prior violent encounter between plaintiff and Castro, constitutes sufficient notice to defendant of an impending attack. The court further finds that defendant breached its duty of care to plaintiff inasmuch as no attempt was made to ensure plaintiff's safety. Accordingly, judgment is recommended in favor of plaintiff.

{¶10} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate


cc:

Christopher P. Conomy                   Rosel C. Hurley III
James P. Dinsmore                       12925 Shaker Boulevard
Assistant Attorneys General             Cleveland, Ohio 44120
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130


Filed October 7, 2011
To S.C. reporter November 18, 2011